IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Civil Action No. 7:15-cv-00018 ) ) |
| v. | ) ) ) By: Hon. Michael F. Urbanski |
| FRANKLIN R. RADFORD, et al., | ) United States District Judge ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter is before the court on the motion of defendants Franklin Radford and Mary Radford (the "Radfords") for a more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e). Dkt. No. 6. For the reasons set forth below, the Radfords' motion will be **DENIED**.

I.

This case involves the transfer of a real estate deed containing an invalid easement. In a complaint filed on January 14, 2015, plaintiff Fidelity National Title Insurance Company ("Fidelity") alleges that the Radfords conveyed certain real property located in Roanoke County, Virginia, to J. Jeffrey Tinaglia and Mitzi G. Tinaglia (collectively, the "Tinaglias") pursuant to a general warranty deed dated July 20, 2010 (the "Tinaglia Deed"). Compl., Dkt. No. 1, at ¶ 8. Fidelity issued a title insurance policy in connection with this real estate transaction. The Tinaglia Deed contained the following language purporting to create an access easement:

> OVER AND ACROSS NEW BEASLEY TRAIL, LINN COVE COURT AND MASON'S CREST TRAIL, EXCEPTED FOR THE BENEFIT OF NEW TRACT 3 FROM THE DEED DATED JANUARY 5, 2009 AND RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF ROANOKE COUNTY, VIRGINIA, AS INSTRUMENT # 200913059.

1

Id. at ¶ 9. The easement described in the Tinaglia Deed (the "Easement") is located within the Mason's Crest Planned Residential Development (the "Development") adjacent to the Tinaglias' real property. The complaint in this case alleges the Development was approved through a Master Plan created by the Roanoke County Board of Supervisors on February 24, 2004. This Master Plan showed all approved easements and did not contain the Easement described in the Tinaglia Deed.

Rather, the Easement at issue first appeared in land records in 2009, when Radford & Company[1] deeded the Development to Mason's Crest Master Association, Inc. In doing so, Radford & Company attempted to carve out and reserve the Easement for itself and its successors and assigns. As the complaint alleges, however, revisions to the Master Plan may only be made pursuant to Roanoke County zoning ordinance procedures, and no such revisions were made regarding the Easement prior to the conveyance of the property to the Tinaglias. In any event, Radford & Company never assigned, transferred, or conveyed its interest in the purported Easement to the Radfords, grantors of the Tinaglia Deed.

Fidelity alleges that in 2012, the Tinaglias realized the Easement did not exist and demanded coverage under Fidelity's title insurance policy. Fidelity sought a determination by the Roanoke County Zoning Administrator regarding the Easement's validity. The Zoning Administrator ruled that the creation of the Easement was in violation of the Development's Master Plan and voided the Easement. Fidelity claims that it compensated the Tinaglias "for the loss of the value of the Easement" and "expended $106,282.68 in order to resolve the Claim." Id. at ¶¶ 22–23.

Fidelity, as the Tinaglias' subrogee, now brings this action against the Radfords, alleging breach of warranty (Count I) and, in the alternative, unjust enrichment (Count II). Fidelity seeks damages in the amount of $106,282.68.

---

[1] Paragraph 24 of the complaint, and the exhibits attached thereto, indicate that defendant Franklin Radford is co-owner, corporate secretary, and vice president of Radford & Company.

In response, the Radfords move for a more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e). The Radfords assert that the complaint fails to sufficiently explain how the requested damages were calculated, identify the causal connection between the alleged defects in the Tinaglia Deed and the requested damages, and attach the underlying real estate contract. Fidelity opposes the motion. The issues have been fully briefed and are ripe for adjudication.[2]

## II.

Rule 12 of the Federal Rules of Civil Procedure permits a court to grant a motion for a more definite statement if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) "must be read in conjunction with Rule 8, which establishes the general rules for pleading." Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 822 (4th Cir. 1973). Rule 8 requires a complaint to contain three elements: (1) a statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for relief. Fed. R. Civ. P. 8(a); Hodgson, 482 F.2d at 822.

Courts tend to disfavor motions for a more definite statement and only grant them if a defendant cannot frame a response to the complaint. See Blizzard v. Dalton, 876 F. Supp. 95, 100 (E.D. Va. 1995) (citing Hodgson, 482 F.2d at 824). Indeed, a court should deny the motion "when the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer." Hodgson, 482 F.2d at 824. The decision to grant a motion for a more definite statement is within the district court's discretion. Id.

## III.

The Radfords claim that Fidelity's complaint "contains no information whatsoever" to indicate what its damages claim of $106,282.68 represents. The Radfords argue:

---

[2] The parties indicated they did not desire a hearing on this motion and submitted it for decision on the briefs.

> The Complaint does not state any specific information which would inform the Defendants how this figure, or the payment to the Plaintiff's subrogors/insureds/grantees was derived or calculated. The sum is described as "expended" in settlement of a claim by the insured/grantees. The Complaint appears to avoid any description of the items included in the amount sued for, and is therefore "vague" and "so ambiguous" that the Defendants are unable to formulate a response.

Defs.' Mot., Dkt. No. 6, at ¶ 3. The Radfords further contend that the complaint fails to allege the causal connection between the alleged defects in the deed and the claimed damages. Id. at ¶ 4. The Radfords explain in their reply brief that Fidelity, as subrogee to the Tinaglias, "may only claim those damages that the Tinaglias could claim as against the Defendants." Defs.' Reply Br., Dkt. No. 10, at ¶ 4 (emphasis in original). Thus, the failure of Fidelity to allege the specific amount for which it is liable to the Tinaglias – i.e., the value of the alleged defect in the deed – is problematic for two reasons. First, damages are not sufficiently alleged to allow defendants to determine whether the court has subject matter jurisdiction over this claim.[3] Second, "the Defendants cannot Answer in good faith or raise defenses they may have because they are not informed by the Complaint about how the Plaintiff claims the damages which are recoverable in a subrogation case." Id. at ¶ 5.

With respect to subject matter jurisdiction, "the 'sum claimed by the plaintiff controls' the amount in controversy determination." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). If the sum alleged by the plaintiff "is sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, *to a legal certainty*, that the plaintiff cannot recover the amount claimed.'" Id. (quoting St. Paul, 303 U.S. at 289) (emphasis added by Fourth Circuit). Defendants bear a "heavy burden," of showing with certainty the "'legal impossibility of recovery.'" Id. (quoting Wiggins v. N. Am. Equitable Life Assurance Co., 644 F.2d 1014, 1017 (4th Cir. 1981)). Indeed, "[a] mere dispute over

---

[3] The complaint alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332.

the mathematical accuracy of a plaintiff's damages calculation" is not enough. Id. (citing McDonald v. Patton, 240 F.2d 424, 425 (4th Cir. 1957)).

In its complaint, Fidelity alleges that:

> 22. Because the [Roanoke County Zoning] Administrator ruled that the Easement did not exist, Plaintiff provided coverage to the Tinaglias under the Policy, and compensated the Tinaglias on or around October 10, 2013 for the loss of the value of the Easement.
>
> 23. Plaintiff expended $106,282.68 in order to resolve the Claim.[4]

Compl., Dkt. No. 1. Fidelity claims that the Radfords are liable for breach of warranty resulting in damages to Fidelity of $106,282.68, or, in the alternative, that the Radfords "would be unjustly enriched in the amount of $106,282.68 if they continue to retain the value of the sale of the invalid Easement, to the detriment of Fidelity." Id. at ¶¶ 34, 41. Plainly, the damages claimed exceed the $75,000 jurisdictional threshold and, as pled, the amount in controversy appears to properly relate to the amount Fidelity "compensated the Tinaglias on or around October 10, 2013 for the loss of the value of the Easement." Id. at ¶ 22. There is no indication that the amount claimed is legally impossible to recover. Thus, the court finds no issue with the defendants' ability to determine whether the court has subject matter jurisdiction over this claim.[5]

Moreover, Fidelity is not required to itemize its damages to meet the pleading requirements of Rule 8(a). The Radfords can request such an itemization through discovery, see Fed. R. Civ. P. 26(a)(1)(A)(iii), and Rule 12(e) motions ought not serve as discovery substitutes, see Hodgson, 482 F.2d at 824 ("Prompt resort to discovery provides adequate means for ascertaining the facts without delay in maturing the case for trial."); Doe v. Bayer Corp., 367 F. Supp. 2d 904, 917 (M.D.N.C.

---

[4] The "Claim" is defined in paragraph 19 of the complaint as follows: "In 2012, the Tinaglias demanded coverage under the Policy, claiming that the Easement was not actually conveyed to the Tinaglias under the Tinaglia Deed, as the Easement did not exist." Compl., Dkt. No. 1.

[5] Certainly, if the actual amount in controversy is determined to be less than the jurisdictional requirement at some point in the future, the court can remand this case at any time upon the motion of either party, or sua sponte, for lack of subject matter jurisdiction. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) (remand for lack of subject matter jurisdiction may occur at any time, "for jurisdiction goes to the very power of the court to act").

5

2005) ("There is a desire to prevent litigants from turning Rule 12(e) into a discovery substitute, and 'courts will generally deny a motion for a more definite statement where the information sought may be obtained in discovery.'" (citation omitted)).  Likewise, the Radfords admit on brief that information concerning the causal connection between the alleged defects in the deed and the damages claimed can be obtained through discovery.  Defs.' Mot., Dkt. No. 6, at ¶ 4.  Thus, the court finds no merit to defendants' argument that the complaint fails to identify this causal connection such that it "fails to inform the Defendants of the nature of the claim made against them." Id.  It simply cannot be said that the allegations in the complaint are so vague or ambiguous that the Radfords cannot reasonably be required to answer.

Finally, the Radfords claim that the complaint neither pled nor included as an exhibit the underlying real estate sale contract.  The Radfords explain:

> . . . Defendants need to have the Plaintiff allege and attach the underlying written real estate contract in order to file an Answer in good faith.  If, as the Defendants believe to be true, the original real estate contract does not have a provision regarding the easement described in the Complaint, then the Plaintiff will be unable to claim any diminution in value as a result of the alleged defect in the deed, for a myriad of reasons, such as merger of the contract into the deed and the parol evidence rule.  Moreover, if there is nothing in the said contract about this deed defect, and the Plaintiff's subrogation claim must necessarily be relying on an oral contract between the Tinaglias and the Defendants, and the Defendants may have a statute of limitations defense, as well as others.  Without that in the Complaint, there is no foundation for the affirmative defenses in the Answer.

Defs.' Reply Br., Dkt. No. 10, at ¶ 7.  The court finds this argument unconvincing.  The Radfords' ability to respond to the two causes of action alleged in the complaint, breach of warranty and unjust enrichment, is not dependent upon the real estate contract.  The Radfords can obtain the contract in

discovery and, from there, assess the merits of Fidelity's claim. The contract is simply not necessary for the Radfords to formulate a response to the complaint.[6]

### IV.

For these reasons, the court finds that Fidelity's complaint is not so vague or ambiguous that the Radfords cannot reasonably prepare a response. The Radfords' motion for a more definite statement pursuant to Rule 12(e) therefore will be **DENIED**. The Radfords shall file any response to the complaint within fourteen (14) days.

An appropriate Order will be entered.

Entered: April 9, 2015

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

---

[6] The Radfords are free to assert a statute of limitations or other affirmative defense they deem appropriate under the facts and circumstances of this case.