# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 7:15-cv-00018 |
| v. | ) ) | |
| FRANKLIN R. RADFORD, et al., | ) ) | |
| Defendants & Third-Party Plaintiffs | ) ) | By:  Hon. Michael F. Urbanski United States District Judge |
| v. | ) ) | |
| COMPTON M. BIDDLE and OSTERHOUDT, PRILLAMAN, NATT, HELSCHER, YOST, MAXWELL & FERGUSON, P.L.C. | ) ) ) ) ) | |
| Third-Party Defendants | ) | |

## MEMORANDUM OPINION

This matter is before the court on the motion of the third-party defendants Compton M. Biddle and Osterhoudt, Prillaman, Natt, Helscher, Yost, Maxwell & Ferguson, P.L.C. ("Biddle") to dismiss the third-party complaint brought by Franklin and Mary Radford ("the Radfords"). ECF No. 27. In this action, the Radfords contend that Biddle failed to provide for an easement in a real estate deed he prepared. Because the third-party complaint fails to state a timely claim against Biddle and his law firm, it will be dismissed. However, the Radfords will be granted leave to file an amended third-party complaint within fourteen (14) days setting forth additional facts to support their claim that the statute of limitations has not expired.

I.

In a complaint filed on January 14, 2015, plaintiff Fidelity National Title Insurance Company ("Fidelity") sued the Radfords, alleging that they conveyed certain real property located in Roanoke

County, Virginia, to J. Jeffrey Tinaglia and Mitzi G. Tinaglia ("the Tinaglias") by deed dated July 20, 2010 ("Tinaglia Deed") containing a faulty grant of an access easement. Biddle represented the Radfords in the real estate transaction with the Tinaglias and prepared the Tinaglia Deed, which purported to include the easement. Beginning on July 20, 2010 and continuing through July 27, 2010, Biddle also negotiated on behalf of the Radfords with Fred Augustine, an employee of Fidelity, regarding the easement. Augustine, on behalf of Fidelity, accepted the validity of the easement language prepared by Biddle and issued a title insurance policy to the Tinaglias for the property they purchased from the Radfords.

In 2012, the Tinaglias sought approval from Roanoke County zoning officials to establish a commercial dog kennel on the property and to construct a road on the access easement. When the request was denied, the Tingalias filed a claim against Fidelity seeking recovery under the title insurance policy. Fidelity settled the claim with the Tingalias, paying them $106,282.68 for the easement.

On January 14, 2015, Fidelity, as the Tingalias' subrogee, brought an action against the Radfords for breach of the warranty deed or, in the alternative, unjust enrichment. On May 7, 2015, the Radfords brought a third-party claim against Biddle and his law firm, claiming "breach of contract—professional liability" (Count I) and indemnity and contribution (Count II).

In response, Biddle moved to dismiss the third-party complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that (1) the professional liability claim is barred by the statute of limitations; (2) the Radfords fail to state a plausible claim for contribution because Virginia law provides only for contribution based on negligence and the professional liability claim is an action for breach of contract; (3) contribution is improper because Biddle and the Radfords are not jointly liable for an indivisible injury; (4) Biddle did not expressly agree to indemnify the Radfords; (5) actions for implied or equitable indemnification cannot be brought before a judicial

2

determination that the third-party defendant is liable to the plaintiff; and (6) implied or equitable indemnity cannot be read into the agreement between Biddle and the Radfords.

## II.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to [the complaint's] legal conclusions." Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Only after a claim is stated adequately may it then "be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

A court's inquiry in a Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Typically, affirmative defenses, such as a statute of limitations bar, may not be raised in a Rule 12(b)(6) motion. Darden v. Cardinal Travel Ctr., 493 F. Supp. 2d 773, 775 (W.D. Va. 2007) (citing Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996)). "However, a defense of the statute of limitations may be raised in a Rule 12(b)(6) motion where that defense appears clearly on the face of the complaint." Id. (citing Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).

3

# III.

## A. Professional Liability

Under Virginia law, claims of legal professional liability are governed by the statute of limitations applicable to actions for breach of contract. Shipman v. Kruck, 267 Va. 495, 501, 593 S.E.2d 319, 322 (2004) ("The statute of limitations for legal malpractice actions is the same as those for breach of contract because although legal malpractice actions sound in tort, it is the contract that gives rise to the duty."). Actions for breach of an oral contact must be brought within three years, Va. Code § 8.01-246(4), and actions for breach of a written contract must be brought within five years, Va. Code § 8.01-246(2). The limitations period "begins to run when the attorney's services rendered in connection with that particular undertaking or transaction have terminated, notwithstanding the continuation of a general attorney-client relationship." MacLellan v. Throckmorton, 235 Va. 341, 345, 367 S.E.2d 720, 722 (1998) (quoting Keller v. Denny, 232 Va. 512, 518, 352 S.E.2d 327, 330 (1987)).

In the present case, the Radfords' third-party complaint is timely if the contract between the Radfords and Biddle is written because suit was filed within five years of the Tinaglia transaction. If, on the other hand, the contract is oral, the third-party complaint is timely only if the attorney-client relationship regarding the real estate transaction with the Tinaglias continued until May 7, 2012, three years prior to the filing of the Radfords' third-party complaint. As the real estate transaction closed in July 2010, that seems unlikely.

The Radfords' third-party complaint does not allege the existence of a written contract. Rather, it alleges only that Biddle and his law firm generally "represented Radford & Company and/or the Radfords personally concerning real estate, business, and corporate matters," and specifically represented the Radfords individually with respect to the real estate transaction at issue. Radfords Third-Party Compl., ECF No. 17, at ¶ 4-5. Nor does the Radfords' third-party complaint

4

allege that Biddle's representation of them regarding the Tinaglia transaction extended beyond the July 2010 closing.

In their brief opposing the motion to dismiss, the Radfords contend that email correspondence described in the complaint and email correspondence "not specifically pled" can establish a written contract between the Radfords and Biddle.  However, the court cannot consider facts not alleged in the complaint.  See McKay Consulting, Inc. v. Rockingham Mem'l. Hosp., 665 F. Supp. 2d 626, 629 (W.D. Va. 2009) ("When addressing a motion to dismiss under Rule 12(b)(6), a district court must exclude matters outside the pleadings.").  Because the Radfords' third-party complaint makes no allegation of a written contract and no allegation that the representation regarding the Tinaglia transaction continued beyond the closing, their breach of contract claim is time-barred as more than three years passed between the Tinaglia transaction and the filing of the third-party complaint.

Nevertheless, the Radfords argue that their breach of contract claim is timely because their "'injury' occurred only when the payment was made by Fidelity and when the clients were sued by Fidelity, and not when the document was prepared by the attorney." Radfords Mem. in Opp., ECF No. 30, at 5.  But this argument runs counter to the text of the limitations statute and long line of Virginia cases distinguishing between a right of action and a cause of action.  As the Virginia Supreme Court explained in Shipman:

> Code § 8.01-230 states, in pertinent part, that "[i]n every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run . . . when the breach of contract occurs in actions ex contractu and not when the resulting damage is discovered."  We have previously stated that "[a] right of action is a remedial right to presently enforce a cause of action." Stone v. Ethan Allen, Inc., 232 Va. 365, 368, 350 S.E.2d 629, 631 (1986).  Although a cause of action and a right of action may accrue simultaneously, a right of action cannot arise until a cause of action exists. Id.

\* \* \* \*

5

> We have stated on more than one occasion that "[d]amage is an essential element of a cause of action. Without some injury or damage, however slight, a cause of action cannot accrue." Keller, 232 Va. at 520, 352 S.E.2d at 332, see Stone, 232 Va. at 365, 368-69, 350 S.E.2d at 631-32, accord First Va. Bank-Colonial v. Baker, 225 Va. 72, 82, 301 S.E.2d 8, 13-14 (1983); Locke v. Johns-Manville Corp., 221 Va. 951, 957, 275 S.E.2d 900, 904 (1981); Caudill v. Wise Rambler, 210 Va. 11, 13 168 S.E.2d 257, 259 (1969). "In the absence of any injury or damage, there is no cause of action." Rutter [v. Jones, Blechman, Woltz & Kelly, P.C.], 264 Va. [310] at 313, 568 S.E.2d [693] at 695 [(2002)]. Moreover, we have said that it is immaterial whether all the damages resulting from the negligent act were sustained at the time that act occurred. The running of the limitations period will not be tolled by the fact that the actual or substantial damages did not occur until a later date. Stone, 232 Va. at 369, 350 S.E.2d at 632; Housing Authority v. Laburnum Corp., 195 Va. 827, 839, 80 S.E.2d 574, 581 (1954).

267 Va. at 501-03, 593 S.E.2d at 322-23. See also MacLellan, 235 Va. at 345, 367 S.E.2d at 722 (finding the limitations period began when the court entered the final decree incorporating a property settlement not when the client later learned his attorney incorrectly advised him regarding the settlement).

As in Shipman, absent some allegation that Biddle's representation of the Radfords relating to the Tinaglia Deed continued past July 20, 2010, the Radfords' "right of action came into existence and their cause of action accrued contemporaneously with the [completion of the Radford-Tinaglia real estate transaction]." Shipman, 267 Va. at 504, 593 S.E.2d at 324.

Indeed, while Shipman involved alleged attorney malpractice in the context of the filing of a bankruptcy petition, its holding is squarely applicable here. There the court concluded as follows:

> Upon the filing of the bankruptcy petition the Shipmans incurred a legal injury. Although the injury could not be delineated as a sum certain or reflected as a final judgment on the merits, there was injury sufficient to commence a cause of action for legal malpractice.

267 Va. at 503, 593 S.E.2d at 323.

As with the filing of the bankruptcy petition in Shipman, the legal injury occurred here when the Tinaglia real estate transaction was completed and the deed recorded. Virginia has "followed the

6

general rule that the applicable period of limitation begins to run from the moment the cause of action arises rather than from the time of discovery of injury and damage, and [the Virginia Supreme Court] has said that difficulty in ascertaining the existence of a cause of action is irrelevant." Virginia Military Inst. v. King, 217 Va. 751, 759, 232 S.E.2d 895, 900 (1977) (citing Housing Auth. v. Laburnum Corp., 195 Va. 827, 838, 80 S.E.2d 574, 580-81 (1954)).

On its face, the Radfords' third-party complaint does not allege an actionable claim for professional negligence because no written contract is alleged and more than three years elapsed since the real estate transaction was completed. Nevertheless, given the assertions in their brief that sufficient writings exist to cause their claim to be subject to a five year statute of limitations, the Radfords will be given an opportunity to file an amended third-party complaint within fourteen (14) days. See Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).

### B. Contribution

There are three reasons why the Radfords' contribution claim is not actionable under Virginia law. First, contribution arises in tort, and Fidelity sued the Radfords for breach of contract and unjust enrichment. Second, the legal malpractice claim asserted by the Radfords in the third-party complaint is likewise contractual. Third, even if contribution applied in this exclusively contractual arena, there is no allegation that the Radfords and Biddle were joint tortfeasors, rendering contribution inapplicable.

Virginia Code § 8.01-34 provides that "contribution among wrongdoers may be enforced when the wrong results from negligence."[1] Fidelity sued the Radfords for breach of contract and unjust enrichment, and the Radfords seek recovery from Biddle for any amounts recovered in that action against them. The Radfords may not seek contribution for a breach of contract claim.

---

[1] The right of contribution between joint tortfeasors in Virginia is a statutory one. See Hudgins v. Jones, 205 Va. 495, 501, 138 S.E. 16, 21-22 (1964); North River Ins. Co. v. Davis, 274 F. Supp. 146, 149 (W.D. Va. 1967).

7

Second, the Radfords' claim for legal malpractice is likewise contractual. Legal malpractice is proven by establishing (1) duty derived from and an attorney-client relationship; (2) breach of that duty by the attorney; and (3) injury to the client that was proximately caused by the attorney's breach. Rutter, 264 Va. at 313, 568 S.E.2d at 695. The contract between an attorney and his client provides the duty to perform legal services with reasonable care, skill and dispatch. See Cox v. Geary, 271 Va. 141, 152, 624 S.E.2d 16, 22 (2006) (citing O'Connell v. Bean, 263 Va. 176, 180, 556 S.E.2d 741, 743 (2002) ("[B]ut for the contract, the attorney owes no duty to the client.")). Hence, an action for "the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract." Oleyar v. Kerr, 217 Va. 88, 90, 225 S.E.2d 398, 400 (1976). The Virginia Supreme Court has held that Virginia Code § 8.01-35.1, the statute governing the effect of a release or covenant not to sue a joint tortfeasor, does not apply to a legal malpractice claim because such a claim is contractual. Cox, 271 Va. at 152, 624 S.E.2d at 22 (2006) ("Since Cox's action against the Attorneys for their alleged negligence in the performance of their professional services is an action for breach of contract, the Attorneys are not joint tortfeasors with the Commonwealth").

Third, "the right of contribution is based on the equitable principle that when two or more persons are subject to a common burden, their responsibility shall be borne equally." Sullivan v. Robertson Drug Co., 273 Va. 84, 91, 639 S.E.2d 250, 255 (2007). Stated another way, "[t]he doctrine of contribution is founded on principles of equity and natural justice, and the general rule appears to be that when parties are bound to bear a burden, and are liable from the same circumstances existing as to both, contribution is a matter of right in equity." Hudgins, 205 Va. at 501, 138 S.E.2d at 21. "The wrongdoer, of course, must be a joint tortfeasor; that is, the concurring negligence of both parties must have contributed to bring about the injury sustained by a third." North River, 274 F. Supp at 149. Here, in contrast, the Radfords allege that Biddle performed the

8

legal work associated with the real estate transaction and they "relied entirely upon the legal advice and document preparation by Biddle and the Law Firm." Radfords Third-Party Compl., ECF No. 17, ¶ 40. The absence of any allegation that the Radfords were joint tortfeasors also precludes any claim for contribution. See DiMarco Constructors, LLC v. Staunton Plaza, LLC, No. 5:09cv0001, 2009 WL 2058686, at *3 (W.D. Va. July 14, 2009); Daily Express, Inc. v. Howell's Motor Freight, Inc., No. 7:11cv0159, 2012 WL 2048191, at *3-4 (W.D. Va. June 6, 2012). The motion to dismiss the contribution claim will be granted.

### C. Indemnity

The Radfords do not contend that their contract with Biddle expressly provided for indemnity. Therefore, the issue before the court is whether the Radfords have a viable claim for equitable indemnity or implied indemnity.

> Equitable indemnification arises when a party without personal fault, is nevertheless legally liable for damages caused by the negligence of another. Equitable principles allow the innocent party to recover from the negligent actor for the amounts paid to discharge the liability.

Carr v. Home Ins. Co., 250 Va. 427, 429, 463 S.E.2d 457, 458 (1995).

In Carr, Home Insurance Company filed a subrogation action to recover uninsured motorist coverage payments made to employees of Green Thumb, its insured, for injuries they sustained in an automobile accident resulting from the negligence of Tina Carr. Because Home Insurance did not file suit within two years of the accident, Carr asserted a statute of limitations defense. In an amended pleading, Home Insurance countered by premising its claim on "contribution and/or implied or equitable indemnity." The Supreme Court rebuffed Home Insurance's effort to end-run the statute of limitations, reasoning as follows:

> A prerequisite to recover based on equitable indemnification is the initial determination that the negligence of another person caused the damage. Without that determination, neither the negligent actor nor the innocent party can be held liable for the damages claimed. In this

9

> case, at the time Home filed its motion for judgment, there had been no determination that Carr's actions were negligent or that her negligence caused the damages claimed by Green Thumb. Consequently, the elements necessary to support equitable indemnification in favor of Home were not met.
>
> Under the circumstances of this case, the only cognizable cause of action available to Home was that of subrogation as provided in Code § 38.2-2208(G). See United Servs. Auto Ass'n v. Nationwide Mut. Ins. Co., 218 Va. 861, 867, 241 S.E.2d 784, 788 (1978). Home did not bring its action seeking recovery from Carr within the two year limitation period for personal injury actions. Therefore, the trial court erred in denying Carr's plea of the statute of limitations.

Id. at 429-30, 463 S.E.2d at 458.

The same is true here. The Radfords cannot skirt the statute of limitations for their claim against Biddle by styling their action as one for equitable indemnification where there has been, as yet, no determination, by means of a suit filed within the limitations period, that Biddle is liable to them.

Moreover, under the holding in Carr, equitable indemnity is negligence based.[2] See Hanover Ins. Co. v. Corrpro Cos., Inc., 312 F. Supp. 2d 816, 821 (E.D. Va. 2004) ("In the tort context, a right of indemnity will be implied in equity where a party without personal fault is legally liable for damages caused by another's negligence."). As such, this doctrine has no application to the breach of contract claim brought by Fidelity and impleaded by the Radfords. See also Banker Steel Co., LLC v. Hercules Bolt Co., No. 6:10cv00005, 2011 WL 1752224, at *12 n.8 (W.D. Va. May 6, 2011); Stone Ridge Condo. Unit Owners' Ass'n. v. J. M. Turner & Co., 62 Va. Cir. 280, 282, 2003 WL 22052179, at *2 (Va. Cir. Ct. 2003). As no claim for equitable indemnity may lie, the motion to dismiss must be granted as to this claim.

---

[2] Carr cites Maryland Casualty Co. v. Aetna Casualty & Surety Co., 191 Va. 225, 232, 60 S.E.2d 876, 879 (1950) and McLaughlin v. Siegel, 166 Va. 374, 377, 185 S.E. 873, 874 (1936), in support of its description of equitable indemnification. As with Carr, each of these cases arises in the tort realm and address indemnity in that context. See, e.g., Maryland Cas., 191 Va. at 232, 60 S.E.2d at 879 ("A person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnify from the other for expenditures properly made in the discharge of such liability.").

In contrast, an implied right to indemnity springs from contract and only applies where "unique factors or a special relationship between the parties give rise to such a right." TransDulles Center, Inc. v. USX Corp., 976 F.2d 219, 228 (4th Cir. 1992). See also DiMarco Constructors, 2009 WL 2058686, at *3; Bd. of Dirs. of Birdneck Villas Condo. Ass'n. v. Birdneck Villas, LLC, 73 Va. Cir. 175, 180, 2007 Va. Cir. LEXIS 77, at *11 (Va. Cir. Ct. 2007); Dacotah Mktg. & Research, LLC v. Versatility, Inc., 21 F. Supp. 2d 570, 580 (E.D. Va. 1998) (applying the unique factors and special relationship standard). The party alleging a special relationship has a heavy burden of showing an implied agreement by the potential indemnitor to indemnify it. Triguero v. Consol. Rail Corp., 932 F.2d 95, 101 (2d Cir. 1991). "In the contracts context, equity is more hesitant to imply an indemnity right, "because if parties desired to create an indemnitor-indemnitee relationship, they could have done so expressly in the contract." Hanover Ins. Co. v. Corrpro Cos., Inc., 312 F. Supp. at 821.

Reflecting this reluctance, Virginia courts routinely have declined to find a special relationship sufficient to give rise to implied indemnity from an ordinary contractual relationship. "There are no instructive decisions of higher Virginia courts regarding the nature of such unique factors or special relationship, unfortunately. It appears that the existence of a simple contract is insufficient." Allied Terminals v. HMT, Inc., 89 Va. Cir. 206, 2014 WL 10190135, at *4 (Va. Cir. Ct. 2014). See TransDulles, 976 F.2d at 228 (holding that an architect's obligation to satisfy county regulations when designing a building does not give rise to a right to implied contractual indemnification when the builder must later pay the building owner for the cost of bringing the building into compliance with those regulations); Int'l Surplus Lines Ins. Co. v. Marsh & McLennan, Inc., 838 F.2d 124, 128 (4th Cir. 1988) (ordinary insurance brokerage arrangement not a special relationship); DiMarco, 2009 WL 2058686, at *3 (obligations under engineering contract do not create special relationship); Dakotah Marketing, 21 F. Supp. at 580 (no special relationship in contract to supply computer software system); Stone Ridge, 62 Va. Cir. at 282, 2003 WL 22052179,

11

at *2 (no special relationship between a condominium association and the architect who designed the condominiums); Birdneck Villas, 73 Va. Cir. at 181, 2007 Va. Cir. LEXIS 77, at *11 (no special relationship between a general contractor and material suppliers for a construction project). But see General Elec. Co. v. Moretz, 270 F.2d 780, 787-91 (4th Cir. 1959) (special relationship found in context of common carrier subject to federal statutes and regulations); Int'l. Fidelity Ins. Co. v. Western Va. Water Auth., No. 7:11cv0441, 2012 WL 5364196, at *4 (W.D. Va. Oct. 30, 2012) (implied right of indemnification found from unusually close contractual relationship).

No Virginia court has considered whether an attorney-client relationship is sufficiently special or unique to provide a client with an implied right to indemnification. However, the United States Court of Appeals for the First Circuit noted that an attorney-client relationship is "not the kind of generally recognized special relationship that gives rise to an implied indemnitee-indemnitor relationship." Rhode Island Depositors Econ. Prot. Corp. v. Hayes, 64 F.3d 22, 26 (1st Cir. 1995). The First Circuit in Rhode Island Depositors did not go so far as to "foreclose the possibility that an intent to indemnify could possibly exist in the attorney-client context, [holding instead that] there is simply no evidence supporting such a conclusion here." Id. The same is true here. Although this case is only at the pleading stage, there is no allegation in the third-party complaint taking this case out of the typical relationship of an attorney and client in a real estate setting. In short, there is nothing unique or special about the relationship between the Radfords and Biddle giving rise to an implied right of indemnification. In the absence of adequate allegations upon which to found a claim of implied indemnity, the motion to dismiss must be granted as to this claim. McConnell v. Servinsky Eng'g., PLLC, 22 F. Supp. 3d 610, 619 (W.D. Va. 2014).

Finally, the reasoning of a New York court addressing a similar claim is instructive as to why equitable or implied indemnity has no place in this case. In Fladerer v. Needleman, 292 N.Y.S.2d 277, 279 (N.Y. App. Div. 1968), the court addressed a claim of implied indemnity in a factual setting

closely paralleling that presented here. Agnes Fladerer brought a breach of contract action against Hubert Needleman for alleged repudiation of a real estate contract. Needleman counterclaimed, alleging defects in Fladerer's title. Fladerer, in turn, filed a third-party complaint against her lawyer, Henry Whitbeck, for failing to discover the title defect. The Appellate Division noted that Fladerer's third-party complaint against her lawyer was time-barred by the applicable statutes of limitations, and "that she can succeed only if she can demonstrate an implied agreement of indemnity subsisting between the lawyer and herself." Id. The Appellate Division rejected the claim of implied indemnity between client and attorney, concluding as follows:

> Unless we are prepared to say that a lawyer in every case such as this becomes an insurer of the title, with no temporal limitation upon his liability; or, indeed, that every rendering of legal advice implies the advisor's liability as an indemnitor; then, it cannot be said that any rights accrued to third-party plaintiff as against her lawyer except the ordinary remedies in contract and in tort, as against which the applicable Statutes of Limitation have run.

Id.

The Radfords argue that this result is inequitable as Biddle authored the deed Fidelity claims was breached. The Radfords contend that it is manifestly unfair for them to be held liable in breach of contract for the ineffectual conveyance of the easement in the Tinaglia Deed when the lawyer who authored the deed may escape liability via the statute of limitations. On the other hand, the implied indemnity remedy sought by the Radfords defeats the primary objectives of statutes of limitations, such as compelling "the exercise of a right of action within a reasonable time," Street v. Consumers Mining Corp., 185 Va. 561, 575, 39 S.E.2d 271, 277 (1946), preventing surprise, and avoiding problems "incident to the gathering and presentation of evidence when claims have become stale." Truman v. Spivey, 225 Va. 274, 279, 302 S.E.2d 517, 519 (1983). In any event, the unfairness complained of by the Radfords was not lost on the Supreme Court of Virginia when it decided Shipman. There the Supreme Court of Virginia acknowledged that "this rule may produce

inequities by triggering a statute of limitations 'when the injury or damage is unknown'" but concluded that "it was the role of the General Assembly, not the judiciary, to change a rule of law that has been relied upon by bench and bar for so long." Shipman, 267 Va. at 503, 593 S.E.2d at 323.

## IV.

For these reasons, the third-party defendants' motion to dismiss must be **GRANTED.** The Radfords are granted leave to file an amended third-party complaint within fourteen (14) days setting forth additional facts to support their claim that the statute of limitations has not expired.

An appropriate Order will be entered.

                                               Entered: November 10, 2015

                                               /s/ Michael F. Urbanski

                                               Michael F. Urbanski
                                               United States District Judge